# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS REYNOLDS,<br><br>    Petitioner,<br><br>    v.<br><br>TULARE COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 1:18-cv-01301-SAB-HC<br><br>ORDER TO SHOW CAUSE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On September 18, 2018, Petitioner constructively filed the instant petition for writ of habeas corpus.[1] (ECF No. 1). In the petition, Petitioner challenges his underlying 1978 Tulare County Superior Court conviction for a sex offense,[2] which is not identified, on the basis of ineffective assistance of counsel. Petitioner argues that defense counsel was ineffective for

---

[1] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. The petition is dated September 18, 2018. (ECF No. 1 at 6).

[2] The petition notes that Petitioner currently has a pending case in Fresno County for failure to register as a sex offender. (ECF No. 1 at 2, 6).

1

failing to request DNA testing of the vaginal swabs of the victim that had been collected by law enforcement. (ECF No. 1 at 3).[3]

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### A. Exhaustion

It appears that Petitioner may have failed to exhaust his claim in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claim. 28 U.S.C. § 2254(b)(1). Although the petition states that Petitioner did not seek review in the California Supreme Court and did not file any state habeas petitions, (ECF No. 1 at 5–6), it is possible that Petitioner presented his claim to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.

**B. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). As the instant petition was filed on September 18, 2018, it is subject to the provisions of AEDPA.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. However, for petitioners whose convictions became final before AEPDA, a one-year grace period from the statute's effective date was supplied. See Johnson v. United States, 544 U.S. 295, 300 (2005). In the instant case, Petitioner has filed his federal habeas petition more than twenty years after the one-year grace period was set to expire absent tolling.

The limitation period is subject to statutory and equitable tolling. The "time during which a properly filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). Here, however, the petition states that Petitioner has not filed any state habeas petitions. (ECF No. 1 at 6).

Equitable tolling is warranted if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418. In explaining the delay in the petition, Petitioner states: "I was unaware of any legal right I had to appeal this judgement and only became aware of it through my pro per status during my legal research." (ECF No. 1 at 6). However, ignorance of the law does not constitute an extraordinary circumstance warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

### III.

### ORDER

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies and for being filed outside 28 U.S.C. § 2244(d)'s limitation period.

Petitioner is forewarned that failure to follow this order may result in a recommendation of dismissal pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: __September 28, 2018__

UNITED STATES MAGISTRATE JUDGE