# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS REYNOLDS,<br><br>  Petitioner,<br><br>  v.<br><br>TULARE COUNTY SUPERIOR COURT,<br><br>  Respondent. | Case No. 1:18-cv-01301-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

## I.

## BACKGROUND

On September 18, 2018,[1] Petitioner constructively filed the instant petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner challenges his underlying 1978 Tulare County Superior Court conviction for a sex offense on the basis of ineffective assistance of counsel. Petitioner argues that defense counsel was ineffective for failing to request DNA testing of the vaginal swabs of the victim that had been collected by law enforcement. (ECF No. 1 at 3).[2] The petition notes that Petitioner currently has a pending case in Fresno County for failure to register as a sex offender. (ECF No. 1 at 2, 6).

---

[1] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)).
[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

## II.

## DISCUSSION

The Court construes the instant federal habeas petition as being brought pursuant to 28 U.S.C. § 2241 as Petitioner is in pretrial detention and not in custody pursuant to the judgment of a state court. See White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004) ("The majority view of the circuits that have analyzed this question is to treat [§ 2254's in custody pursuant to a state court judgment] clause as directing a status inquiry into the source of the petitioner's custody, and not an inquiry into the target of the petitioner's challenge."), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010).

Rule 4 of the Rules Governing Section 2254 Cases[3] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The undersigned will recommend dismissal of the petition without prejudice because it is appropriate to abstain from the exercise of jurisdiction in this case pursuant to Younger v. Harris, 401 U.S. 37 (1971).

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). In Younger, the Supreme Court held that when there is a pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. Younger, 401 U.S. at 41; Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). See also Kowalski v. Tesmer, 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme by preventing a state criminal defendant from asserting ancillary challenges to ongoing state criminal procedures in federal court."). The Ninth Circuit has held that the "logical implication" of Younger "is that abstention principles likewise prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense unless the petitioner can

---

[3] The Rules Governing Section 2254 Cases also apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.). gv

demonstrate that 'extraordinary circumstances' warrant federal intervention." Brown v. Ahern, 676 F.3d 899, 901 (9th Cir. 2012) (citing Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980)). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." Brown, 676 F.3d at 903 (internal quotation marks omitted) (quoting Carden, 626 F.2d at 84).

Here, Petitioner seeks to preemptively litigate an affirmative defense to his pending failure to register as a sex offender charge by challenging his underlying 1978 Tulare County Superior Court conviction. However, Petitioner has not made any showing of extraordinary circumstances that would render abstention inappropriate. Additionally, Petitioner fails to establish that he does not have an opportunity to raise his federal constitutional claims in the state criminal proceedings. See Penzoil Co. v. Texaco, 481 U.S. 1, 15 (1987) (holding that federal courts should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"); Moore v. Sims, 442 U.S. 415, 425 (1979) ("[I]n the abstention context, the federal court should not exert jurisdiction if the plaintiffs 'had an *opportunity* to present their federal claims in the state proceedings.'" (quoting Juidice v. Vail, 430 U.S. 327, 337 (1977))). Accordingly, as the instant petition seeks to preemptively litigate an affirmative defense to Petitioner's ongoing criminal proceeding in state court, the Court should abstain from interfering with the state judicial process, and the petition should be dismissed.

**III.**

**RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition be DISMISSED without prejudice pursuant to Younger v. Harris, 401 U.S. 37 (1971).

This Findings an Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file

3

written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 10, 2018**

UNITED STATES MAGISTRATE JUDGE